UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:25-cr-00034-JMS-KMB |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE) |
| EDWARD GREGORY PRICE (01) | |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ DENIED.

☒ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, | ) | |
| *vs.* | ) | 1:25-cr-00034-JMS-KMB |
| EDWARD GREGORY PRICE, *Defendant*. | ) | -01 |

**ORDER DENYING MOTION FOR COURT ASSISTANCE AND DENYING MOTION FOR COMPASSIONATE RELEASE**

Defendant Edward Gregory Price (01) has filed a Motion for Court Assistance, [Filing No. 54], and a Motion for Compassionate Release, [Filing No. 55], both of which are ripe for the Court's review.

## I.
## MOTION FOR COURT ASSISTANCE

In his Motion for Court Assistance, Mr. Price states that he has Stage IV cancer and is not receiving his chemotherapy treatment while being held in the Clinton County Jail and awaiting placement in a Bureau of Prisons ("BOP") facility. [Filing No. 54 at 1.] He requests that the Court assist him in being placed in a BOP facility so that he can receive proper care, or that he be brought back to Court and placed on home detention. [Filing No. 54 at 1.]

The BOP's inmate locator database reflects that since the filing of Mr. Price's Motion for Court Assistance, he has been transferred to FMC Butner, a federal medical center, where he is currently being housed. Accordingly, his Motion for Court Assistance, [54], is **DENIED AS MOOT**.

## II.
## MOTION FOR COMPASSIONATE RELEASE

On February 25, 2025, Mr. Price was charged by Indictment with one count of Felon in Possession of Ammunition, in violation of 18 U.S.C. § 922(g)(1), and one count of Possession of an Unregistered Firearm, in violation of 26 U.S.C. § 5861(d). [Filing No. 1.] On October 1, 2025, Mr. Price pled guilty to the Possession of an Unregistered Firearm count and was sentenced to 40 months' imprisonment, to be served concurrently with any sentences imposed in two state court cases, followed by three years of supervised release. [Filing No. 42.]

Mr. Price has now filed a Motion for Compassionate Release,[1] in which he asserts – as he did in his Motion for Court Assistance – that he has Stage IV cancer and has not received his chemotherapy treatments while being held in the Clinton County Jail. [Filing No. 55 at 1.]

The Government argues in its response, among other things, that Mr. Price has not exhausted his administrative remedies. [Filing No. 64 at 6-8.] It notes that although he was being held in the Clinton County Jail when he filed his Motion for Compassionate Release, Mr. Price was in federal custody awaiting placement by the BOP and was still obligated to attempt to contact the BOP to request compassionate release before filing his motion. [Filing No. 64 at 6-7.] The Government asserts that there is no evidence that Mr. Price requested compassionate release from the Clinton County Jail or requested that the Clinton County Jail contact the BOP on his behalf. [Filing No. 64 at 7.]

Mr. Price did not file a reply.

[1] Mr. Price filed his Motion for Compassionate Release *pro se*, but the Court subsequently requested that Assistant Federal Defender Joseph Cleary enter an appearance to assist the Court with the motion, [Filing No. 56], and Mr. Cleary did so, [Filing No. 57].

When a defendant is housed in a non-BOP facility awaiting BOP placement, courts look to whether the defendant made efforts to contact the BOP to request compassionate release and either received a denial or waited 30 days from the date of the request, as required by 18 U.S.C. § 3582(c)(1)(A). *See, e.g.*, *United States v. Nazer*, 458 F.Supp.3d 967, 970-71 (N.D. Ill. 2020). Mr. Price does not mention or otherwise indicate that he exhausted his administrative remedies prior to the filing of his Motion for Compassionate Release. He has not submitted any evidence that he "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or [waited] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). Indeed, he has not even presented evidence that he requested compassionate release from the Clinton County Jail. He has not discussed his efforts to exhaust his administrative remedies at all. The Seventh Circuit has made clear that a defendant must comply with the instruction set forth in 18 U.S.C. § 3582(c)(1)(A) prior to filing a motion for compassionate release. *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021) (affirming denial of defendant's motion for compassionate release because he failed to comply with § 3582(c)(1)(A)'s exhaustion requirement). Because Mr. Price has failed to establish that he complied with § 3582(c)(1)(A)'s exhaustion requirement, his Motion for Compassionate Release is **DENIED WITHOUT PREJUDICE**.

## III.
## CONCLUSION

For the reasons stated above, Mr. Price's Motion for Court Assistance, [54], is **DENIED AS MOOT** and his Motion for Compassionate Release, [55], is **DENIED WITHOUT PREJUDICE**.

Date: 11/10/2026

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF to all counsel of record**